David H. Madden
Mersenne Law
9600 S.W. Oak Street
Suite 500
Tigard, Oregon  97223
(503) 679-1671
ecf@mersenne.com

United States District Court

District of Oregon

Portland Division

| | |
|---|---|
| **Vicky LYNN,** *Plaintiff* v. **Alexander STROSS,** *Defendant* | Civil Action No.:..........................3:19-cv-397 COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT JURY TRIAL DEMANDED |

THIS is an action brought by Plaintiff Vicky LYNN for declaratory judgment against Defendant Alexander STROSS.

## Parties

1. Plaintiff Vicky LYNN ("LYNN") is an individual residing within this District.

2. LYNN is informed and believes that Defendant Alexander STROSS ("STROSS") is an individual residing in Austin, Texas.

## Jurisdiction

3. This action arises under the Copyright Act of 1976, Title 17 U.S.C. §§ 101 *et seq*.

4. This Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b).

## Venue

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## Factual Allegations

6. Plaintiff is informed and believed, and individuals purporting to act for Defendant STROSS have represented to Plaintiff, that STROSS is the owner of 65,323 photographs dated 18 September 2011 through 24 January 2012 (the "WORK"), which are the subject of U.S. Copyright Registration No. VAu 1-089-810 (Registration Certificate attached hereto as Exhibit 1).

7. Plaintiff obtained a digital photograph (the "PHOTO"), reproduced here, from non-party online service Pinterest (www.pinterest.com), and placed the PHOTO on a web-log ("blog") article she wrote about homes of the sort depicted in the PHOTO.



8. A screen capture image of the blog article, posted on or about 23 March 2017, is reproduced here:



9. Plaintiff submitted a link to her blog article to the International Association of Women website, www.iawomen.com, on or about 15 April 2017.  Upon information and belief, an automatic process of the IAWomen website caused a copy of the blog article to be visible to subscribers who had access to that website for a period of time.  A screen capture image of the reposting is reproduced here:



10. Plaintiff discontinued her membership to the IAWomen website around September 2017.

11. Both of these postings are believed to have been rendered inaccessible to the public.

12. On or about 12 December 2018 an individual representing ImageRights International, Inc., acting pursuant to an authorization executed 28 August 2017 by Defendant STROSS,

approached Plaintiff and demanded a monetary payment for an alleged infringement of the WORK based upon the aforementioned blog posting and reposting.

13. Plaintiff is informed and believed that Defendant STROSS, by and through his agent Image Rights International, Inc., is alleging that the PHOTO is present among the 65,323 photos comprising the WORK.

14. Plaintiff and Defendant (as represented by ImageRights International, Inc.) were unable to reach a mutually-acceptable accommodation, and ImageRights International, Inc. stated that such failure would result in "escalation" on 8 March 2019.

15. Plaintiff believes that "escalation" references the imminent commencement of a copyright infringement action against her.

16. Plaintiff has attempted to determine whether the PHOTO is part of the WORK, but has been unable to do so. If the PHOTO is not part of the WORK, then Plaintiff's actions did not infringe Defendant's copyright in the WORK at all.

17. Upon information and belief, the PHOTO is not the creative focus or "heart" of the WORK.

18. Upon information and belief, Plaintiff's use of the PHOTO did not affect the potential market for the PHOTO or the registered WORK.

### Claim for Relief: Declaratory Judgment of Non-Infringement

19. Plaintiff repeats and realleges each and every fact in paragraphs 1 through 18.

20. On the facts known to or believed by Plaintiff, Defendant could institute a coercive action in federal court alleging infringement of the WORK.

21.  Plaintiff has a real and credible apprehension of the institution of such an action due to the representations of individuals associated with ImageRights International, Inc., which purports to act on behalf of Defendant STROSS.

22.  Plaintiff seeks through this declaratory-judgment action a determination of the rights and obligations of the parties with respect to the WORK and the PHOTO in view of the facts alleged above.

## Affirmative Defenses

23.  Defendant's action for infringement of the WORK based upon Plaintiff's use of the PHOTO is barred by the doctrine of fair use.

24.  Plaintiff's use of the PHOTO is a *de minimis* infringement for which Defendant may not obtain relief.

25.  Defendant failed to utilize the "notice and takedown" procedure set forth in 17 U.S.C. § 512(c), so Plaintiff is not liable to Defendant for monetary, equitable or other injunctive relief.

## Prayer for Relief

Wherefore, Plaintiff prays for judgment as follows:

a.  A declaration that Plaintiff's actions did not infringe Defendant's rights in the WORK; *or*

b.  A declaration that Plaintiff's actions were a *de minimis* infringement for which Defendant can obtain no relief; *or*

c.  A declaration that Plaintiff's actions were excused by the doctrine of fair use; *or*

d.  A declaration that Plaintiff was not aware and had no reason to believe that her actions constituted an infringement of copyright, and consequently that Defendant may recover no more than $200.00 plus costs and a reasonable attorney fee as determined by the Court; *or*

e.	A declaration that Plaintiff is liable to Defendant for statutory damages not exceeding $750$^{00}$ plus costs and a reasonable attorney fee as determined by the Court; *or*

f.	A declaration that Plaintiff is liable to Defendant for actual damages as proven by Defendant, such actual damages not exceeding $1,000$^{00}$;

*and*

g.	such other relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

15 March 2019

| Date | David H. Madden, SBN OR080396 |
|---|---|
| | Attorney for Plaintiff Vicky LYNN |
| | Mersenne Law |
| | 9600 S.W. Oak Street |
| | Suite 500 |
| | Tigard, Oregon 97223 |
| | dhm@mersenne.com |
| | (503)679-1671 |

# EXHIBIT 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VAu 1-089-810**

Effective date of registration:

February 20, 2012

## Title
- **Title of Work:** Alexander Stross 65,323 Photographs 9/18/2011 - 1/24/2012

## Completion/Publication
- **Year of Completion:** 2011

## Author
- **Author:** Alexander Bayonne Stross
- **Author Created:** photograph(s)
- **Citizen of:** United States
- **Domiciled in:** United States

## Copyright claimant
- **Copyright Claimant:** Alexander Bayonne Stross
  616 Oakland Ave, Austin, TX, 78703

## Rights and Permissions
- **Organization Name:** Stross Arts
- **Name:** Alexander Bayonne Stross
- **Email:** abstross@gmail.com
- **Telephone:** 512-586-1648
- **Address:** PO Box 300459
  Austin, TX 78703 United States

## Certification
- **Name:** Alexander Bayonne Stross
- **Date:** January 25, 2012